

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| SHAWN SIRKIN, | ) | Docket No.: 2015-08-0292 |
|     Employee, | ) | State File Number: 44984-2015 |
| | ) | Judge Jim Umsted |
| v. | ) | |
| | ) | |
| TRANS CARRIERS, INC., | ) | |
|     Employer, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| GREAT AMERICAN INSURANCE, | ) | |
|     Insurance Carrier. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING
## TEMPORARY DISABILITY BENEFITS
## (FILE REVIEW)

---

This matter came before the Court upon a Request for Expedited Hearing (REH) filed by the employee, Shawn Sirkin, on April 18, 2016, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Ms. Sirkin requested that the Court decide her interlocutory claim for medical and temporary disability benefits based on a review of the file without an evidentiary hearing. Trans Carriers, Inc., the employer, did not file a response to the REH or a request for an evidentiary hearing within five business days of the filing of the Request for Expedited Hearing as required by Rule 0800-02-21-.14(1)(b) of the Tennessee Compilation Rules and Regulations. However, on August 26, 2016, it objected to the REH based on Ms. Sirkin's failure to meet the affidavit requirement of Rule 0800-02-21-.14 of the Tennessee Compilation Rules and Regulations. Specifically, it argued the affidavits submitted by Ms. Sirkin were not in a proper form and did not address the contested issues of medical and temporary disability benefits. It asked the Court to dismiss Ms. Sirkin's REH with prejudice, or in the alternative, to hold a telephonic hearing on the issues in dispute.

Finding no additional information was needed to determine whether Ms. Sirkin was likely to prevail at a hearing on the merits of the claim, the Court decided the request for benefits would be based on a review of the written materials and without the benefit of an evidentiary hearing pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.14(1)(c) (2015). Based on the Court's Order for Expedited Hearing Upon Review of the File issued on July 12, 2016, the parties had until August 29, 2016, to provide any additional documentation. Thereafter, the Court issued a Docketing Notice allowing the parties five business days to object to any of the documentation submitted to the clerk. The parties did not file any objections in response to the Docketing Notice. However, as discussed below, Trans Carriers did object to the introduction of any medical records in its brief, filed August 29, 2016.[1]

Ms. Sirkin contends she is entitled to payment of unauthorized medical expenses for treatment obtained prior to receiving a panel of physicians as well as temporary disability benefits from June 3, 2015, to October 2, 2015. The central legal issues are: (1) whether Ms. Sirkin sustained a compensable injury arising primarily out of and in the course and scope of her employment with Trans Carriers; (2) whether Ms. Sirkin is entitled to payment of unauthorized, past medical expenses; and (3) whether Ms. Sirkin is entitled to past temporary disability benefits, and if so, in what amount. For the following reasons, the Court holds Ms. Sirkin has come forward with sufficient evidence to show she is likely to prove at a hearing on the merits that she sustained an injury primarily arising out of and in the course and scope of her employment such that she is entitled to temporary disability benefits.[2] However, she has not shown she is entitled to the requested payment of unauthorized, past medical expenses.

### History of Claim

Based on the Court's file, Ms. Sirkin is a fifty-six-year-old Florida resident. (T.R. 1.) Trans Carriers hired her as a truck driver on or about October 13, 2014. (T.R. 1.) She claimed she injured her right shoulder on May 20, 2015, after slipping on a wet step while climbing out of her truck after checking the Qualcomm system for her assignments. (T.R. 1.) According to Ms. Sirkin, she reported her injury to her dispatcher, Jennifer Mohundro, on May 20, 2015, via text message and wrote a message to dispatch on Qualcomm the next day, stating she would return after she had her shoulder examined. (Ex. 7 at 3; Ex. 30 at 56-57.) She also indicated she forwarded her medical records to

---

[1] In making a file review determination, the Court makes no decision as to the admissibility of the information submitted in the case file absent an objection from a party. Here, the employer did not file a response to the expedited hearing request and did not request an evidentiary hearing. However, in its brief filed on August 29, 2016, it did object to including any of Ms. Sirkin's medical records as exhibits. The Court has included as exhibits all medical records admitted into evidence at the in-person Expedited Hearing conducted on March 16, 2016, as well as any newly-filed medical records that contain an original or electronic signature of a physician.

[2] The Court has attached, as an Appendix to this Order, a complete listing of both the technical record and the exhibits it considered.

Kathy Ward in human resources via email on May 27, 2015, but never received a panel or any authorized treatment from Trans Carriers. (Ex. 30 at 57.)

After her injury, Ms. Sirkin sought unauthorized medical treatment from Dr. Arshad Husain. In an office note dated June 3, 2015, Dr. Husain recounted Ms. Sirkin "injured her right shoulder at work when climbing up into her semi truck." (Ex. 17 at 2.) He noted Ms. Sirkin "slipped and held on to the handle." (Ex. 17 at 2.) Dr. Husain diagnosed Ms. Sirkin with a right shoulder sprain and ordered physical therapy and an MRI. (Ex. 17 at 2.) He restricted Ms. Sirkin from driving a truck from June 3, 2015, to July 8, 2015. (Ex. 22 at 3-6.) Dr. Husain later took Ms. Sirkin completely off work from August 12, 2015, to August 18, 2015, and from September 14, 2015, to October 2, 2015. (Ex. 21 at 1-2.) However, Ms. Sirkin did not submit office notes to confirm Dr. Husain took her off work during these periods due to her right-shoulder injury.

Trans Carriers denied the claim on June 24, 2015, arguing the alleged injury did not arise primarily out of and in the course and scope of Ms. Sirkin's employment. (Ex. 9 at 1; Ex. 10 at 1.) Both Ms. Mohundro and Ms. Ward testified at the Expedited Hearing held on March 16, 2016, that Ms. Sirkin was not scheduled to work on May 20, 2015, had no reason to be in her truck on that date, and did not report a work injury on May 20th or May 27th. (Ex. 30 at 114-15, 118, 130-31, 132-36.) According to Ms. Mohundro, Ms. Sirkin did not have an assignment on May 20, 2015. She testified Ms. Sirkin took time off in the days leading up to May 20, 2015, and her practical time of availability was pushed out until she verified the specific date and time of her return to work. (Ex. 30 at 115-16.) Ms. Mohundro maintained Ms. Sirkin never told anyone at Trans Carriers she was ready to return to work. (Ex. 30 at 131.) Furthermore, Ms. Ward indicated she tried contacting Ms. Sirkin multiple times by telephone and email between May 27, 2015, and May 29, 2015, but never heard back from her. (Ex. 30 at 136-37.) Consequently, Trans Carriers terminated Ms. Sirkin's employment as of May 29, 2015, based on company policy requiring termination after three days of "no call no show." (Ex. 30 at 136.)

Following the denial of her claim, Ms. Sirkin filed a Petition for Benefit Determination on July 29, 2015, seeking medical and temporary disability benefits. (T.R. 1.) The Court held an in-person Expedited Hearing on March 16, 2016. On March 28, 2016, the Court issued an Expedited Hearing Order, requiring Trans Carriers to provide Ms. Sirkin with a panel of physicians. (T.R. 9.) Trans Carriers appealed the order, and on May 6, 2016, the Workers' Compensation Appeals Board affirmed this Court's decision to order a panel. (T.R. 10.)

While the Court's file does not include a copy of the panel, it contains medical records from Dr. David Thompson at Orthopaedic Associates of West Florida, who appears to be an authorized physician. (Ex. 25 at 3, 5, 8.) Based on these records, Dr. Thompson diagnosed Ms. Sirkin with bursitis and impingement syndrome of the right

shoulder, which he opined were work related.[3] (Ex. 25 at 2, 7.) He recommended a cortisone injection and physical therapy, and placed Ms. Sirkin on restricted duty. (Ex. 25 at 3, 8). He also indicated he would consider surgery if her symptoms persisted. (Ex. 25 at 5.)

Ms. Sirkin requested another Expedited Hearing on April 18, 2016. (T.R. 11.) She sought payment of past, unauthorized medical expenses as well as temporary disability benefits from June 3, 2015, to October 2, 2015. (T.R. 13.) She calculated her average weekly wage to be $946.00 rather than the $635.54 shown on the wage statement and asked the Court to leave out weeks from January 3, 2015, to April 9, 2015, when calculating her compensation rate, as she was out on medical leave and then on a leave of absence after her daughter's death. (Ex. 13 at 1; Ex. 30 at 72-74.)

Trans Carriers argued the wage statement included per diem pay that should not have been included in Ms. Sirkin's gross wages, since the pay was nontaxable. (Ex. 30 at 139.) Consequently, it contended Ms. Sirkin's average weekly wage was $581.68, leading to a compensation rate of $387.81, which it based on total gross wages of $11,051.90. (T.R. 16 at 1-2; Ex. 30 at 140.) It further maintained it could have provided light duty work to Ms. Sirkin had she not been terminated for cause on May 29, 2015. (Ex. 30 at 45.) However, Trans Carriers offered no testimony or affidavit supporting this contention.

## Findings of Fact and Conclusions of Law

### General Legal Principles

Ms. Sirkin need not prove every element of her claim by a preponderance of the evidence in order to recover medical and/or temporary disability benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard does not relieve Ms. Sirkin of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether she met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in

---

[3] Dr. Husain provided correspondence, dated April 8, 2016, suggesting Ms. Sirkin's right-shoulder sprain/strain was directly related to her work injury of May 20, 2015.

accordance with basic principles of statutory construction favoring neither Ms. Sirkin nor Trans Carriers. *See* Tenn. Code Ann. § 50-6-116 (2015).

*Trans Carriers' Objection to the Expedited Hearing*

Before analyzing Ms. Sirkin's entitlement to the requested benefits, the Court must first address Trans Carriers' objection to the Expedited Hearing. On August 26, 2016, Trans Carriers filed its objection, arguing it never received a copy of the REH. However, later that same day, it amended its objection, acknowledging it received a copy of the request on April 16, 2016, but contending Ms. Sirkin did not file an affidavit that addressed the disputed issues of temporary disability and medical benefits in support of her request.

Trans Carriers did not timely respond to Ms. Sirkin's REH, which was filed with the Court Clerk on April 18, 2016,[4] or timely request an evidentiary hearing.[5] Moreover, the Court issued an Order for Expedited Hearing Upon Review of the File on July 11, 2016, but Trans Carriers waited until August 26, 2016, just three calendar days before final submissions were due pursuant to the order, to file its objection to the REH. Furthermore, a review of the Court's file reveals Ms. Sirkin filed two new affidavits with the REH. While Trans Carriers is correct that these affidavits do not address the issues of temporary disability and medical benefits, when these affidavits are read in conjunction with Ms. Sirkin's earlier-filed affidavits, they are sufficient to satisfy the requirements of Rule 0800-02-21-.14(1)(a) of the Tennessee Compilation Rules and Regulations. Based on these circumstances, the Court declines to set the REH aside as Trans Carriers requests.

*Causation*

Turning to Ms. Sirkin's request for benefits, the Court initially must determine whether she has met her burden of proving she is likely to prevail at a hearing on the merits of her claim. To be compensable under the workers' compensation statutes, Ms. Sirkin's injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the alleged work injury "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not

---

[4] Ms. Sirkin filed the new REH before the appeals process was completed and before she had seen a panel physician as the Expedited Hearing Order for Medical Benefits had provided.

[5] Under Rule 0800-02-21-.14(1)(b) of the Tennessee Compilation Rules and Regulations, the opposing party must respond to the REH and indicate if an evidentiary hearing is necessary no later than five business days after the REH is filed with the clerk.

considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

This Court previously held that Ms. Sirkin slipped and fell while leaving her truck after completing a work-related action. Furthermore, since the Expedited Hearing held on March 16, 2016, Ms. Sirkin has obtained the opinions of two doctors, including her authorized treating physician, Dr. Thompson, who have indicated her injury is work-related. The Uniform Medical Treatment/Status Reporting Form completed by Dr. Thompson on June 3, 2016, specifically indicates Ms. Sirkin's work-related injury was the major contributing cause for the reported medical condition, the recommended treatment, and any functional limitations or restrictions. The form defines "major contributing cause" as contributing "more than 50% to the present condition." Consequently, this Court holds she has met her burden of proving she is likely to prevail at a hearing on the merits that she sustained an injury primarily arising out of and in the course and scope of her employment.

*Medical Benefits*

Having found that Ms. Sirkin showed she is likely to prevail on the issue of causation, the Court must turn to her request for payment of past, unauthorized medical expenses. Under Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Trans Carriers elected to deny Ms. Sirkin's claim, and therefore, "runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice." *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13. While Ms. Sirkin would not have borne the burden of establishing the necessity of medical treatment or the reasonableness of medical charges of authorized care had Trans Carriers initially provided a panel of physicians, she does have the burden of establishing the necessity and reasonableness of charges incurred under physicians not designated or approved by Trans Carriers. *See Russell v. Genesco*, 651 S.W.2d 206, 211 (Tenn. 1983).[6]

The Court's file is silent with regard to the reasonableness and necessity of Ms. Sirkin's past, unauthorized medical treatment and expenses. As such, this Court is unable to order Trans Carriers to pay these expenses at this time.

---

[6] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4.

*Temporary Disability Benefits*

Ms. Sirkin also seeks temporary disability benefits from June 3, 2015, to October 2, 2015. To establish a case for temporary total disability benefits, Ms. Sirkin must show (1) she was totally disabled and unable to work as a result of a compensable injury; (2) a causal connection exists between the injury and the employee's inability to work; and (3) the duration of the period of the employee's disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004). She may also be entitled to temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, if the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). Specifically, while temporary total disability refers to an employee's condition while completely disabled from work because of the injury, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Jewell v. Cobble Construction & Arcus Restoration*, No. 2014-05-0003, 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *22 (Tenn. Workers' Comp. App. Bd. Jan. 12, 2015) (quoting *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005)). An injured employee is not entitled to temporary partial disability benefits, however, if terminated for cause *and* the employer was reasonably capable of providing modified duty within the restrictions assigned. *See Jones v. Crencor Leasing & Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7-11 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015).

Dr. Husain placed Ms. Sirkin on restricted duty from June 3, 2015, to July 8, 2015, due to her right-shoulder injury. Specifically, Dr. Husain restricted Ms. Sirkin from driving a tractor-trailer. While Trans Carriers argued it would have accommodated these restrictions had Ms. Sirkin not been terminated for cause on May 29, 2015, this argument was not supported by the testimony of Ms. Mohundro and Ms. Ward during the March 16, 2016 hearing or by the affidavits Trans Carriers has filed in this action. Accordingly, Ms. Sirkin has shown she is likely to succeed on the merits regarding the temporary disability issue for the period between June 3, 2015, and July 8, 2015. The Court holds, however, Ms. Sirkin has not demonstrated entitlement to any additional temporary disability benefits at this time, as she did not submit office notes to confirm that other periods of disability were due to her right-shoulder injury.

Since Ms. Sirkin established entitlement to benefits for a period of temporary disability, this Court must determine her average weekly rate and compensation rate. Trans Carriers filed a wage statement with the Court, but neither it nor Ms. Sirkin agrees with the calculation found therein. Ms. Sirkin argues the Court should leave out weeks from January 3, 2015, to April 9, 2015, when calculating her compensation rate, as she was out on medical leave and then on a leave of absence after her daughter's death. Trans Carriers contends the wage statement included per diem pay that should not be included in Ms. Sirkin's gross wages.

Tennessee Code Annotated section 50-6-102(3)(A) (2015) defines "[a]verage weekly wages" as follows:

> The earnings of the injured employee in the employment in which the injured employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of the injury divided by fifty-two (52); but if the injured employee lost more than seven (7) days during the period when the injured employee did not work, although not in the same week, then the earnings for the remainder of the fifty-two (52) weeks shall be divided by the number of weeks remaining after the time so lost has been deducted[.]

With regard to the issue of the number of weeks to include in the average weekly wage calculation, in cases where the employment began less than fifty-two weeks prior to the injury, "the method of dividing the earnings during that period by the number of weeks and parts of weeks during which the employee earned wages shall be followed; provided, that results just and fair to both parties will be obtained." Tenn. Code Ann. § 50-6-102(3)(B) (2015). The determination of whether days an employee does not work should be deducted from the computation of the average weekly wage is dependent upon the facts and circumstances of each case. *Cantrell v. Carrier Corp.*, 193 S.W.3d 467, 472 (Tenn. 2006). Days not worked by an employee due to "sickness, disability, or some other fortuitous circumstance" must be deducted from the fifty-two week period. *Russell*, 651 S.W.2d at 210. Examples of "fortuitous circumstances" include the closing of a plant for repairs or a reduction of work due to an unforeseen shortage of material or a lack of orders. *See Cantrell*, 193 S.W.3d at 472. Considering the above, the Court holds that the weeks that Ms. Sirkin was on medical leave or dealing with her daughter's passing should not be included in the calculation of her average weekly wage.

Regarding the issue of inclusion of per diem, in *Gaines v. American Airlines, Inc.*, No. 01S01-9701-CV-00015, 1997 Tenn. LEXIS 416, at *3-4 (Tenn. Workers' Comp. Panel Aug. 28, 1997), the Tennessee Supreme Court considered a $1.00 per hour payment to an injured worker for each hour of overnight travel in addition to standard wages. Finding the amount represented reimbursement for overnight travel expense, the Court observed that taxes were not withheld on the amount and the employer had offered proof that the amount was intended as an expense reimbursement. Based upon these considerations, the *Gaines* Court calculated the average weekly wage for workers' compensation purposes to exclude the $1.00 per hour amount. *Gaines*, 1997 Tenn. LEXIS 416, at *4. Considering the foregoing, the Court holds the calculation of Ms. Sirkin's total gross wages should not include the per diem payment.

Therefore, taking Ms. Sirkin's gross wages of $11,051.90 and dividing those wages by seventeen weeks, the Court holds Ms. Sirkin's average weekly wage to be $650.11, leading to a compensation rate of $433.43.

**IT IS, THEREFORE, ORDERED** as follows:

1. Trans Carriers or its workers' compensation carrier shall provide Ms. Sirkin with past temporary total disability benefits in the weekly amount of $433.43, from June 3, 2015, to July 8, 2015 (five weeks and one day), for a total of $2,229.07, which shall be paid in a lump sum.

2. This matter is set for a Status Conference on November 7, 2016, at 10:30 a.m. Central time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.** For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 19th day of September, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

<u>**Status Conference**</u>:

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court designates the following documents as the Technical Record:

1. Petition for Benefit Determination, filed on July 29, 2015;
2. Dispute Certification Notice, filed on September 1, 2015;
3. Request for Expedited Hearing, filed on December 15, 2015;
4. Trans Carriers' position statement of August 24, 2015;
5. Trans Carriers' Expedited Hearing Brief, filed March 14, 2016;
6. Order Denying Ms. Sirkin's Request for Expedited Hearing, filed October 12, 2015;
7. Order Denying Trans Carriers' Motion to Dismiss and Granting an Evidentiary Expedited Hearing, filed December 18, 2015;
8. Order Denying Ms. Sirkin's Motion Requesting Expedited Hearing to be Conducted Telephonically or by Review of the Documents Submitted, filed February 9, 2016;
9. Expedited Hearing Order for Medical Benefits, filed March 28, 2016;
10. Appeals Board Order, filed May 9, 2016;
11. Request for Expedited Hearing, filed on April 18, 2016;
12. Order Continuing Status Conference, filed May 23, 2016;
13. Order for Expedited Hearing Upon Review of the File, filed July 11, 2016;
14. Ms. Sirkin's position statement, filed August 8, 2016;
15. Trans Carriers' Objection to Ms. Sirkin's Alleged Second Expedited Hearing Request, filed August 26, 2016;
16. Trans Carriers' Amended Objection to Ms. Sirkin's Alleged Second Expedited Hearing Request, filed August 26, 2016;
17. Trans Carriers' Expedited Hearing Brief for Ms. Sirkin's Alleged Second Expedited Hearing, filed August 29, 2016; and
18. Docketing Notice for File Review Determination, filed September 7, 2016.

The Court considered the following documents in reaching its decision. It designates them as Exhibits for the sake of reference:

1. Ms. Sirkin's Affidavits, filed December 15, 2015, and January 21, 2016;
2. Collective exhibit of affidavits from Norman Delaquis and Kenneth Harper, dated April 11, 2016;
3. Written statement of Todd Cummins, dated April 13, 2016;
4. Affidavit of Jennifer Mohundro, filed September 30, 2015;
5. Affidavit of Teresa Talley, filed September 30, 2015;
6. Affidavit of Kathy Ward, filed September 30, 2015;
7. Text messages between Ms. Sirkin and Ms. Mohundro, filed September 30, 2015;
8. First Report of an Injury, Occupational Disease or Death (Ohio Bureau of Workers' Compensation form);

9. Denial letter from OccuSure Claims Services, filed June 13, 2016;
10. Notice of Denial;
11. Form C-41 Wage Statement, dated June 22, 2015;
12. Payroll History Report;
13. Driver Settlement Summaries for checks dated December 19, 2014, and May 22, 2015, with notes from Ms. Sirkin;
14. Collective exhibit of medical bills from Northwest Ohio Urgent Care and Mercy St. Vincent Medical;
15. Price Quotes for Lidocaine 5% Patch and Ibuprofen 800 MG Tablet;
16. Health History form, dated May 28, 2105;
17. Dr. Arshad Husain's medical record, dated June 3, 2015;
18. Physical Therapy Appointment Reminder, dated June 3, 2015;
19. Dr. Arshad Husain's medical record, dated June 17, 2015;
20. Northwest Ohio Urgent Care physician notes, dated June 17, 2015;
21. Return to Work slips from Northwest Ohio Urgent Care, dated August 12, 2015, and September 14, 2015;
22. Documentation from Ohio Bureau of Workers' Compensation;
23. Correspondence from Dr. Arshad Husain, dated April 8, 2016;
24. Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Form, dated February 29, 2016;
25. Collective exhibit of medical records from Orthopaedic Associates of West Florida;
26. Collective exhibit of Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Forms, dated June 3, 2016; July 1, 2016; and August 8, 2016;
27. Collective exhibit of physical therapy notes from Physical Therapy Services of Brooksville, Inc. (marked for identification only);
28. Driver History Report;
29. Trans Carriers' Communication Log; and
30. Transcript of Expedited Hearing conducted on March 16, 2016.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 19th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Shawn Sirkin, Employee | | | x | shawns1960@yahoo.com |
| B. Duane Willis, Employer's Attorney | | | x | dwillis@morganakins.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov